GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendant New Jersey Department of Corrections*

By:  Nicholas Falcone
     Deputy Attorney General
     NJ Bar No. 264332018
     (609) 376-2964
     Nicholas.Falcone@law.njoag.gov

                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| ALAMEEN ADAMS, | : |
| Plaintiff, | : Civ. Action No. |
| v. | : **NOTICE OF REMOVAL** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, ET AL. | : |
| Defendants. | : |
|  | : |

---

Defendant New Jersey Department of Corrections, by way and through undersigned counsel, Gurbir S. Grewal, Attorney General of New Jersey, by Deputy Attorney General Nicholas Falcone, appearing, files this Notice of Removal and in support thereof, states:

1.   Defendant has been named in an action now pending in the New Jersey Superior Court, Law Division, Essex County, bearing

1

Docket No. ESX-L-2492-21, captioned, <u>Alameen Adams v. New Jersey</u> <u>Department of Corrections, et al.</u>

2.    The above-entitled action was commenced by filing a Complaint on or about March 29, 2021.

3.    The Complaint alleges violations of 42 U.S.C. § 1983 and New Jersey law relating to an incident alleged to have occurred in the course of Plaintiff's confinement. A true and correct copy of the Essex County Complaint is attached hereto as Exhibit A.

6.    On May 13, 2021, Defendant Department of Corrections was served with the complaint. A copy of the executed summons is attached hereto as Exhibit B.

7.    The United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.    This action is removable to the District Court pursuant to 28 U.S.C. §§ 1441(b), (c) and 1443.

6.    This Notice of Removal is being filed within 30 days of when Defendant became aware the matter was removable and copies of all process, pleadings, orders on file in the New Jersey Superior Court, Law Division, Mercer County are attached hereto in accordance with 28 U.S.C. § 1446(a) and <u>L. Civ. R.</u> 5.2.

2

WHEREFORE, Defendant respectfully requests that the action now pending in the New Jersey Superior Court, Law Division - Essex County, bearing Docket No. ESX-L-2492-21, captioned Alameen Adams v. New Jersey Department of Corrections, et al., be removed to this court.

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By:   s/ Nicholas Falcone
      Nicholas Falcone
      Deputy Attorney General

Dated: June 14, 2021

**EXHIBIT A**

**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
**201 Washington Street**
**Newark, NJ 07102**
**Telephone:  (973) 379-4200**
**Facsimile:  (973) 379-7872**
**Web: www.lawjw.com**
**Attorney: Jeffrey T. Kampf, Esq.**
**Bar No. 033301988**
**Attorney for Plaintiff**

---

| | |
|---|---|
| ALAMEEN ADAMS,<br><br>       Plaintiff,<br><br>vs.<br><br>WARREN ZALME, in his personal, individual, and official capacity, CHRISTIAN UNDERWOOD, in his personal, individual, and official capacity, MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, ADMINISTRATOR OF NORTHERN STATE PRISON, in his official and individual capacities, NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON AND/OR JOHN DOES I-VI (fictitious persons)<br><br>       Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No.:<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT AND DEMAND**<br>**FOR TRIAL BY JURY** |

      Plaintiff, ALAMEEN ADAMS, residing in New Jersey, complaining of the defendants and say:

## PARTIES

    1.  At  all  relevant  times  herein,  Plaintiff,  **ALAMEEN  ADAMS  ("ADAMS"** or **"Plaintiff"),** was  and  is  an  inmate  under  the  custodial  care  of  the  State  of  New  Jersey,

Department of Corrections, and at all times relevant hereto was incarcerated at defendant NORTHERN STATE PRISON (hereinafter "NSP"), operated by the defendant NEW JERSEY STATE DEPARTMENT OF CORRECTIONS ("DOC") and located at 168 Frontage Road, Newark, New Jersey.

2.      At all times relevant hereto, Defendant **NEW JERSEY DEPARTMENT OF CORRECTIONS** ("DOC") is and was a Department of the State of New Jersey, which upon information and belief, operates and maintains the prison and prison system of the State of New Jersey, including but not limited to operating **NORTHERN STATE PRISON**.

3.      Upon information and belief, defendant **NORTHERN STATE PRISON** ("NSP") is and was, at all relevant times, a prison run by the State of New Jersey and New Jersey Department of Corrections and is located at 168 Frontage Road, Newark, New Jersey.

4.      At all relevant times herein defendant **CHRISTIAN UNDERWOOD ("UNDERWOOD"),** sued in his personal, individual and official capacities, was a Corrections Officer on duty at NSP on July 28, 2019, responsible for the custody and care of prisoners housed at NSP, including plaintiff **ADAMS** .

5.      At all relevant times herein defendant **WARREN ZALME ("ZALME"),** sued in his personal, individual and official capacities,  was a Corrections Officer on duty at NSP on July 28, 2019, responsible for the custody and care of prisoners housed at NSP, including plaintiff **ADAMS** .

6.      At all relevant times herein Defendant, **MARCUS O. HICKS, ESQ. ("HICKS"),** sued in his official and individual capacities, was the Commissioner of the New Jersey State Department of Corrections or Acting Commissioner with a place of business at Whittlesey Road, Trenton, Mercer County, New Jersey 08625, acting under color of law and within the scope of his

employment, who was the chief supervisory official and executive of the DOC, with direct responsibility for development, promulgation, and implementation of policies and procedures relating to the custody and care of prisoners housed at all correctional facilities within the DOC, including Northern State Prison ("NSP"); policies and procedures relating to the supervision, hiring, firing, disciplining, training and oversight of corrections officers employed by  NSP**;** and ensuring that Corrections Officers adhere to all Attorney General Guidelines and laws, including but not limited to the United States Constitution and the New Jersey State Constitution.

7.   At all relevant times herein Defendant, **PATRICK NOGAN ("NOGAN"),** sued in his official and individual capacities**,** was the Administrator of the NSP with a principal place of business at 168 Frontage Road, Newark, New Jersey 07124, acting under color of law and within the scope of his employment, who was responsible for operations as well as the custody and care of inmates housed at NSP; the development, promulgation, and implementation of policies and procedures relating to the custody and care of prisoners housed at  NSP and the supervision, hiring, firing, disciplining, training and oversight of corrections officers employed by NSP**,** in particular having the duty to ensure that policies relating to the use of force and provision of medical care were enforced.

8.   Defendants **JOHN DOES I-III, in their official and individual capacities** are as yet unidentified persons or corrections officers and/or supervisors acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over **ADAMS** and/or who had personal involvement in the incident alleged in the complaint and/or were tasked with ensuring that Corrections Officers abide by policy relating to the use of force**.**

9.   Defendants **JOHN DOES IV-VI, in their official and individual capacities** were

3

upon information and belief, at all times relevant hereto, agents and/or employees of the NORTHERN STATE PRISON and/or NEW JERSEY DEPARTMENT OF CORRECTIONS who were responsible for the supervising and training of officers and responsible for creating and implementing policy and procedures for the NORTHERN STATE PRISON and/or NEW JERSEY DEPARTMENT OF CORRECTIONS.  Their identities are presently unknown to the Plaintiff, but who are responsible for the causes of action pled throughout this complaint.

### **NATURE OF THE ACTION AND FACTUAL ALLEGATIONS**

10.    On July 28, 2019, Plaintiff was incarcerated at the DOC's facility at NSP.

11.    On said date, while inside NSP, Defendants **CHRISTIAN UNDERWOOD, WARREN ZALME** and/or **JOHN DOES I -III (names being fictitious)** committed an assault and battery, unauthorized touching or other improper conduct upon Plaintiff.

12.    **ADAMS** institutes this action for compensatory and punitive damages for the violation of both state and federal constitutional rights and pendent state claims in the use of excessive force by corrections officers at the Northern State Prison on July 28, 2019, force that was arbitrary, capricious, brutal, and lacking in any justification or need to control or maintain safety at the jail.

13.    Plaintiff also seeks to recover damages for the **DEFENDANTS'** deliberate indifference to the constitutional rights of Plaintiff evidenced by their assault, battery, toleration and acquiescence of the use of random, unjustified and excessive force and in their failure to ensure that subordinates provided appropriate medical care to inmates as well as their failure to properly hire, train, supervise and discipline corrections officers, many of whom have a history of abusing prisoners, as documented in prior lawsuits and, on information and belief, Internal Affairs investigations.

14.     The unlawful actions and conduct of the defendants evidenced a depraved and deliberate indifference to the clearly established constitutional rights of **ADAMS,** protected and secured by the provisions of the First, Fourth, Fifth,  Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, brought pursuant to the Civil Rights Act, Title 42 of the United States Code, § 1983.

15.     This action is also brought pursuant to the New Jersey Civil Rights Act, Title 10 of the New Jersey Statutes for violations under the New Jersey Constitution, Article 1, §1, as well as state causes of action sounding in negligence, assault/battery, intentional infliction of emotional distress and civil conspiracy.

16.     As a direct and proximate result of the constitutional violations and negligence **ADAMS** suffered severe injuries and emotional distress.

### FIRST COUNT
### (Assault and Battery)

17.     Plaintiff repeats and realleges each and every allegation in the Complaint as if set forth fully herein at length.

18.     On the said date, defendants CHRISTIAN UNDERWOOD, WARREN ZALME and/or JOHN DOES I -III (names being fictitious) committed an assault and battery, unauthorized touching and/or other improper conduct upon Plaintiff.

19.     As set forth in detail above, **ADAMS** was subjected to the use of excessive force, unwanted touching, and/or other improper conduct that caused severe injuries.

20.     The touching that was unlawful and without justification and constituted use of excessive force and caused the foregoing injuries meets the definition of assault and battery under New Jersey common law and the criminal code.

21.     As a direct and proximate result of the assault and battery, **ADAMS** was caused to

be placed in fear of physical harm and was subjected to physical harm.

22.     The aforedescribed damages and injuries were caused solely and wholly by the intentional and willful assault and battery by **OFFICER UNDERWOOD,  ZALME** and **JOHN DOES I-III.**

23.     As a direct and proximate result of defendants' assault and battery as aforedescribed, **ADAMS** sustained serious, severe and permanent injuries, both physical and psychological, as well as other damages.

24.     By reason of the foregoing **ADAMS** has been damaged.

**WHEREFORE**, Plaintiff  **ALAMEEN ADAMS** demands judgment against defendants **CHRISTIAN UNDERWOOD, in his official and individual capacities,  WARREN ZALME, in his official and individual capacities and JOHN DOES I-III, in their official and individual capacities,  (as yet unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over ADAMS and/or who had personal involvement in the incident alleged in the complaint),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees  and costs of suit.

## SECOND COUNT
### *(N.J.S.A. 10:6-2:New Jersey Civil Rights Act)*

25.     Plaintiff repeats and realleges each and every paragraph contained in this Complaint and incorporates same as if set forth fully herein at length.

26.     **ADAMS** has a state substantive due process liberty interest under the New Jersey State Constitution Article 1, §1 to be free from egregiously abusive physical conduct by law enforcement officers.

27.     **ADAMS** had a right under the New Jersey State Constitution Article 1, §1 to be free from unreasonable seizures.

28.     Defendants' actions were taken under color of state law.

29.     Defendants, to the same extent and pursuant to the same facts as set forth in the previous Counts and Allegations contained herein, individually and through their agents, servants and employees, and by their deliberate indifference to the civil rights of **ADAMS** as previously detailed, deprived **ADAMS** of his rights, privileges and immunities secured under Article I, ¶1 and ¶12 of the New Jersey State Constitution and under N.J.S.A. 10:6-2, the New Jersey Civil Rights Act (the "NJCRA").

30.     Defendants acted pursuant to official or unofficial policy and/or custom to deprive **ADAMS** of his constitutional rights under Defendants' actions were willful, deliberate and malicious.

31.     The aforesaid action and/or inaction constituted deliberate indifference to the harm suffered by Plaintiff and was performed without legitimate relationship to security or safety of inmates or employees and not necessary to enforce jail safety or order in the jail.

32.     Such conduct was of such an egregious nature as to shock the conscience.

33.     By reason of the foregoing, Defendants violated the civil rights of **ADAMS.**

34.     As a direct and proximate result of Defendants' constitutional violations as aforedescribed, **ADAMS** sustained serious, severe and permanent injuries, both physical and psychological, as well as other damages.

35.     By reason of the foregoing **ADAMS** has been damaged.

**WHEREFORE**, Plaintiff **ALAMEEN ADAMS** demands judgment against defendants **MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE**

**DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, in his official and individual capacities, CHRISTIAN UNDERWOOD, in his official and individual capacities,  WARREN ZALME, in his official and individual capacities and JOHN DOES I-VI, in their official and individual capacities,  (as yet unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over ADAMS and/or who had personal involvement in the incident alleged in the complaint),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

### THIRD COUNT
**(Violation of NJ Civil Rights Act 10:6-1 et seq, Article 1,**
**par. 12 and Art. 1, Paragraph I of the NJ Constitution)**

36.      Plaintiff repeats each and every allegation heretofore states as if set forth at length herein.

37.      At all times relevant hereto, the conduct of Defendants as aforesaid were in violation of N.J.S.A. 10:6-1 *et seq*. and in the alternative in violation of the New Jersey State Constitution, for violation of the right to be free from cruel and unusual punishment as guaranteed by the Article I, Paragraph 12 of the New Jersey State Constitution and due process as guaranteed by the Article I, Paragraph 1 of the New Jersey State Constitution.

38.      Defendants acted under color of state law in directly participating in and /or ordering and/or supervising the aforesaid conduct in violation of plaintiffs' constitutions rights. HICKS, NOGAN and/or JOHN DOES IV-VI (names being fictitious), implicitly or explicitly adopted and implemented careless and reckless policies,

39.      The aforesaid action and/or inaction constituted deliberate indifference to the harm suffered by plaintiff and performed without legitimate relationship to security or safety of inmates

8

or employees and not necessary to enforce jail safety or order in the jail.

40.    Such conduct was of such an egregious nature as to shock the conscience.

41.    Such conduct violated plaintiff's well established right to be free of cruel and unusual punishment as guaranteed by Article I, Paragraph 12 of the New Jersey State Constitution and due process guaranteed by Article I, Paragraph 1 of the New Jersey State Constitutions.

42.    As a direct and proximate result of said conduct, Plaintiff suffered general and specific damages as alleged in this Complaint and is entitled to relief.

**WHEREFORE**, Plaintiff **ALAMEEN ADAMS** demands judgment against defendants **MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, in his official and individual capacities, CHRISTIAN UNDERWOOD, in his official and individual capacities,  WARREN ZALME, in his official and individual capacities and JOHN DOES I-VI, in their official and individual capacities,  (as yet unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over ADAMS and/or who had personal involvement in the incident alleged in the complaint),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

### FOURTH COUNT
**(Violation of NJ Civil Rights Act 10:6-1 et seq,
and Art. 1, Paragraph I of the NJ Constitution)**

43.    Plaintiff repeats each and every allegation heretofore states as if set forth at length herein.

44.    Plaintiff has a state substantive due process liberty interest under the New Jersey

State Constitution Article I Sec. 1 to be free from egregiously abusive physical conduct by law enforcement officers.

45.     Plaintiff had a right under the New Jersey State Constitution Article I, sec. 1 to be free from unreasonable seizure.

46.     Defendants' actions were taken under color of state law.

47.     Defendants, to the same extent and pursuant to the same facts as set forth in the previous counts and allegations heretofore, individually and through their agents, servants and employees, and by their deliberate indifference to the civil rights of Plaintiff as previously detailed, deprived plaintiff of his rights, privileges and immunities secured under Article 1 sec 1 of the New Jersey State Constitution and under N.J.S.A. 10:6-2, the New Jersey Civil Rights Act.

48.     Defendants acted pursuant to official and unofficial policy and/or custom to deprive Plaintiff of his constitutional rights under Defendants actions were willful, deliberate and malicious.

49.     By reason of the foregoing, defendants violated the civil rights of Plaintiff.

50.     As a direct and proximate result of the violation of his civil rights guaranteed under N.J.S.A. 10:6-2, Plaintiff suffered general and specific damages as alleged in this Complaint.

51.     The civil rights violations were committed by Defendants with actual malice and/or wanton and willful disregard of persons who foreseeably might be harmed by Defendants' actions.

52.     Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10 et seq.

**WHEREFORE**, Plaintiff **ALAMEEN ADAMS** demands judgment against defendants **MARCUS  O.  HICKS,  ESQ.,  COMMISSIONER  OF  THE  NEW  JERSEY  STATE**

**DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, in his official and individual capacities, CHRISTIAN UNDERWOOD, in his official and individual capacities,  WARREN ZALME, in his official and individual capacities and JOHN DOES I-VI, in their official and individual capacities,  (as yet unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over ADAMS and/or who had personal involvement in the incident alleged in the complaint),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

## FIFTH COUNT
### (42 U.S.C. § 1983 - individual liability)

53.     Plaintiff repeats and realleges each and every paragraph contained in the Complaint and incorporates same as if set forth fully herein at length.

54.     **ADAMS** had a right under the Fourth Amendment of the United States Constitution to be free from and protected from the use of excessive force.

55.     **ADAMS** had a liberty interest in bodily integrity protected by the Due Process Clauses both substantive and procedural of the Fifth and Fourteenth Amendments of the United States Constitution.

56.     The aforementioned rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution were each clearly established as of July 28, 2019.

57.     At all relevant times defendant **UNDERWOOD, ZALME** and **JOHN DOES I-III** were acting under color of law under their authority as state corrections officers and/or under the state and federal constitutions, laws, charters, ordinances, rules, regulations, customs, usages and practices of the State of New Jersey and its agency the DOC.

11

58.     These defendants defendant **UNDERWOOD, ZALME** and **JOHN DOES I-III** had a duty under the state and federal constitution to ensure the safety and welfare of the inmates under their custodial care and provide them with an environment that maintained their right to be free of harm; this included the duty to protect the safety of any inmate and intervene to prevent harm where necessary.

59.     Defendants **UNDERWOOD, ZALME** and **JOHN DOES I-III,** negligently, intentionally, purposefully, wanton and willfully and/or with actual improper motive and malice assaulted, struck, restrained and/or threatened bodily harm to Plaintiff.

60.     Defendants **UNDERWOOD, ZALME** and **JOHN DOES I-III** negligently, intentionally, purposefully, wanton and willfully and/or with actual improper motive and malice assaulted, struck, restrained and/or threatened bodily harm to Plaintiff.

61.   In violating Plaintiff's rights as set forth above and throughout, and other rights to be proven at trial, said defendants acted under color of state law and federal law and falsely arrested, imprisoned and/or assaulted Plaintiff in violation of Plaintiff's Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

62.  As a direct and proximate result of the violation of constitutional rights as aforedescribed by defendants **UNDERWOOD, ZALME** and **JOHN DOES I-III,** plaintiff **ALAMEEN ADAMS** has sustained serious, severe, and permanent personal and psychological injuries.

**WHEREFORE**, Plaintiff **ALAMEEN ADAMS** demands judgment against defendants **MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, in his official and individual capacities, CHRISTIAN UNDERWOOD, in his**

**official and individual capacities,  WARREN ZALME, in his official and individual**

**capacities and JOHN DOES I-VI, in their official and individual capacities,  (as yet**

**unidentified persons or corrections officers acting in their official and individual capacities**

**involved in the oversight, management, monitoring, supervision and care over ADAMS**

**and/or who had personal involvement in the incident alleged in the complaint),** jointly and

severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

### SIXTH COUNT
**(42 U.S.C. § 1983 - individual liability)**

63.     Plaintiff repeats and realleges each and every paragraph contained in the

Complaint and incorporates same as if set forth fully herein at length.

64.     **ADAMS** had a right under the Fourth Amendment of the United States

Constitution to be free from and protected from the use of excessive force.

65.     **ADAMS** had a liberty interest in bodily integrity protected by the Due Process

Clauses both substantive and procedural of the Fifth and Fourteenth Amendments of the United

States Constitution.

66.     The aforementioned rights under the First, Fourth, Fifth, Eighth and Fourteenth

Amendments of the United States Constitution were each clearly established as of July 28, 2019.

67.     At all relevant times herein defendants **HICKS, NOGAN,** and **JOHN DOES IV-**

**VI,** their employees, agents and representatives were acting under color of law under the state and

federal constitutions, laws, charters, ordinances, rules, regulations, customs, usages and practices

of the State of New Jersey and its agency the DOC.

68.      These three **HICKS, NOGAN,** and **JOHN DOES IV-VI,**  knew, should have

known, and were on notice of an unofficial policy, practice or custom which permitted the

unimpeded, undisciplined and unremediated use of random excessive force and condoned,

13

tolerated or acquiesced to such misconduct.

69.     Defendants **HICKS, NOGAN** and **JOHN DOES IV-VI** had a duty under the state and federal constitution to ensure the safety and welfare of the inmates under their custodial care and provide them with an environment that maintained their right to be free of harm; this included the duty to protect the safety of any inmate and intervene to prevent harm where necessary.

70.     Defendants **HICKS, NOGAN** and **JOHN DOES IV-VI,** despite knowledge and notice of the use of excessive force and/or prison abuse have failed and refused to remediate these problems despite clear knowledge that the failure to do so would be and has been substantially certain to lead to severe harm to the inmates under their care, custody and control, including plaintiff **ADAMS.**

71.     Defendants **HICKS, NOGAN** and **JOHN DOES IV-VI** permitted, allowed, maintained and ratified a practice, custom and/or policy of failing to train, discipline and supervise corrections officers, including defendants **UNDERWOOD, ZALME** and **JOHN DOES I-III** on the use of force, excessive and unjustified force and the circumstances requiring the need for immediate medical attention necessary to protect the safety and welfare of the prison population, including plaintiff **ADAMS.**

72.     Defendants **HICKS, NOGAN** and **JOHN DOES IV-VI** failed to implement and enforce policies, procedures and protocols necessary to properly train and supervise their subordinates, including defendants **UNDERWOOD, ZALME** and **JOHN DOES I-III** in the use of force, and to make sure that such policies, procedures and protocols would be effective in avoiding misconduct, and to ferret out misconduct.

73.     At all relevant times herein Defendants **HICKS, NOGAN** and/or **JOHN DOES IV-VI** were responsible for the conduct and oversight of corrections officers, including defendants **UNDERWOOD, ZALME** and/or **JOHN DOES 1-III.**

74.     Defendants **HICKS, NOGAN** and/or **JOHN DOES IV-VI** acted with deliberate and conscious indifference to plaintiffs' constitutional rights which violations arose out of a pattern, custom, policy or practice of said defendants in allowing and  permitting the use of random, unjustified and excessive force and/or in violating the Attorney General's own guidelines pertaining to the use of force as well as internal DOC and NSP guidelines and protocol relating to the use of force, knowing with substantial certainty that such conduct would lead to harm and injuries to inmates, including plaintiff **ADAMS** herein.

75.     Defendants **HICKS, NOGAN** and/or **JOHN DOES IV-VI** acted with deliberate and conscious indifference to plaintiffs' constitutional rights which violations arose out of a pattern, custom, policy or practice of said defendants in the failing to enact, enforce or implement policies and procedures on the use of force and the provision of medical attention, which failure would be known by these defendants to be substantially certain to lead to harm and injury to inmates, including plaintiff **ADAMS** herein.

76.     The direct actions of defendants **HICKS, NOGAN** and/or **JOHN DOES IV-VI** in failing to train, supervise, monitor and discipline corrections officers using excessive force and failing to provide medical attention, as well as the failure to enact, propound and/or enforce necessary policy to avoid harm was deliberately indifferent to the constitutional rights of plaintiff **ADAMS,** and deprived him of his constitutional due process rights, rights to be free of unlawful seizure, rights of free speech and rights to bodily integrity under the First, Fourth, Fifth, Eighth

and Fourteenth Amendments to the United States Constitution to be vindicated under 42 U.S.C. §1983.

77.     Each of these defendants individually knew that beating plaintiff unprovoked without any need to control the prison population or stop violence is a clearly established violation of the Fourth and Fourteenth Amendments.

78.     As a direct and proximate result of the violation of constitutional rights as aforedescribed by defendants **HICKS, NOGAN, UNDERWOOD, ZALME** and **JOHN DOES I-VI,** plaintiff **ALAMEEN ADAMS** has sustained serious, severe, and permanent personal and psychological injuries.

**WHEREFORE**, Plaintiff **ALAMEEN ADAMS** demands judgment against defendants **MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, in his official and individual capacities, CHRISTIAN UNDERWOOD, in his official and individual capacities,  WARREN ZALME, in his official and individual capacities and JOHN DOES I-VI, in their official and individual capacities,  (as yet unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over ADAMS and/or who had personal involvement in the incident alleged in the complaint),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

## SEVENTH COUNT
### (42 U.S.C. §1983 for Failure to Intervene)

79.     Plaintiff repeats and realleges each and every paragraph contained in this Complaint and incorporates same as if set forth fully herein at length.

80.     The actions of defendants **UNDERWOOD, ZALME** and/or **JOHN DOES I-III**

16

were taken under color of state law.

81.     These defendants had a legal duty to protect **ADAMS** from harm.

82.     These defendants failed to intervene, summon help or take other precautionary measures to prevent and/or stop any other Defendant from causing harm to **ADAMS**.

83.     These defendants had the opportunity to intervene while **ADAMS** was being beaten as they were all present during the beating and assault and participated in it.

84.     These defendants intentionally elected not to intervene.

85.     Defendants **UNDERWOOD, ZALME** and/or **JOHN DOES I-III** violated **ADAMS'S** rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

86.     As a direct and proximate result of Defendants' constitutional violations as aforedescribed, **ADAMS** sustained serious, severe and permanent injuries, both physical and psychological, as well as other damages.

87.     By reason of the foregoing **ADAMS** has been damaged.

**WHEREFORE**, Plaintiff **ALAMEEN ADAMS** demands judgment against defendants **MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, in his official and individual capacities, CHRISTIAN UNDERWOOD, in his official and individual capacities,  WARREN ZALME, in his official and individual capacities and JOHN DOES I-VI, in their official and individual capacities,  (as yet unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over ADAMS**

**and/or who had personal involvement in the incident alleged in the complaint),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

## EIGHTH COUNT
### (Negligence)

88.     Plaintiff repeats and realleges each and every allegation contained in this Complaint as if set forth fully herein at length.

89.     At all relevant times herein Defendants were under a duty to act reasonably in the performance of their duties as administrators, wardens, supervisors, and corrections officers in the control, maintenance, operation, handling and management of the jail and correctional facilities and in  properly supervising and monitoring **ADAMS,**  in following and promulgating appropriate policies and procedures with respect to excessive force to avoid and prevent physical and psychological harm to prisoners from occurring, and in providing proper training to those with the responsibility for the care and management of those under custodial or hospital care.

90.     All Defendants were under a duty to take proper action to avoid abuse and the use of excessive force.

91.     In particular, the **HICKS, NOGAN**, and/or **JOHN DOES IV-VI** had a duty of reasonable care in the hiring, training, supervision and oversight of its corrections officers and to ensure that their subordinates did not harm inmates, including plaintiff **ADAMS** as well as in their promulgation and enforcement of policies designed to ensure inmate safety.

92.     In particular, defendants **UNDERWOOD, ZALME** and/or **JOHN DOES I-III** had a duty of reasonable care in the handling and oversight of inmates, to ensure their safety and that they remain free from harm and protected from harm, including plaintiff **ADAMS**.

18

93.     All Defendants, having undertaken a duty to house and care for inmates, were obligated to have performed their duties reasonably and so as to not cause any physical or psychological harm to inmates, including **ADAMS**.

94.     The defendants **HICKS, NOGAN** and/or **JOHN DOES IV-VI** were each negligent and careless in their failure to properly hire, retain, train, discipline and supervise correctional officers, staff, employees, agents, and servants with respect to the use of force, and in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the use of excessive  force to **ADAMS** and other abuses  as described in this complaint,  in their failure to prevent the harm, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the subject incident, and were negligent and careless in the performance of their duties, to which no immunity applies.

95.     Defendants **OFFICER UNDERWOOD,  ZALME** and **JOHN DOES I-III** were each negligent and careless in failing to follow policies and procedures, in their use of force, and were negligent and careless in the performance of their ministerial duties, to which no immunity applies.

96.     The actions of Defendants did not involve the exercise of professional judgment or discretion and/or for safety of the prison, inmates or officers.

97.     The personal injuries and damages suffered by **ADAMS** were caused solely as a result of the negligence and carelessness of Defendants, individually and collectively.

98.     As a direct and proximate result of Defendants' negligence as aforedescribed, **ADAMS** sustained serious, severe and permanent injuries, both physical and psychological, as well as other damages.

99.     By reason of the foregoing **ADAMS** has been damaged.

100.    All conditions precedent to filing suit under Title 59 have been met, including medical expense limits, objective permanent injury and the filing of notices of claims.

**WHEREFORE**, Plaintiff **ALAMEEN ADAMS** demands judgment against defendants **MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, in his official and individual capacities, CHRISTIAN UNDERWOOD, in his official and individual capacities,  WARREN ZALME, in his official and individual capacities and JOHN DOES I-VI, in their official and individual capacities,  (as yet unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over ADAMS and/or who had personal involvement in the incident alleged in the complaint),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

## <u>NINTH COUNT</u>
### (Intentional Infliction of Emotional Distress)

101.    Plaintiff repeats and realleges each and every allegation contained in this Complaint as if set forth fully herein at length.

102.    Each individual defendant, whose individual actions are detailed in this complaint, engaged in actions intended to inflict severe emotional trauma upon **ADAMS,** and did so**.**

103.    The emotional distress was severe and outrageous.

104.    The emotional distress was of such character that no reasonable person could be expected to endure it.

105.   In particular, **ADAMS** has required mental health services and his psychological condition has been severely exacerbated by the emotional distress inflicted upon him by way of the beating, retaliation, failure to provide medical attention and the continued cover up and refusal to identify the persons involved in the events alleged in this Complaint, as well as the results of the SID investigation.

106.   By reason of the aforesaid intentional emotional distress, **ADAMS** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, as well as aggravation of his pre-existing psychiatric problems, all to his damage.

107.   By reason of the foregoing **ADAMS** has been damaged.

**WHEREFORE**, Plaintiff **ALAMEEN ADAMS** demands judgment against defendants **MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, in his official and individual capacities, CHRISTIAN UNDERWOOD, in his official and individual capacities,   WARREN ZALME, in his official and individual capacities and JOHN DOES I-VI, in their official and individual capacities,   (as yet unidentified persons or corrections officers acting in their official and individual capacities involved in the oversight, management, monitoring, supervision and care over ADAMS and/or who had personal involvement in the incident alleged in the complaint),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS
Attorneys for Plaintiff

Dated:   3/20/21                    By: *Jeffrey T. Kampf*
                                        Jeffrey T. Kampf

21

## DEMAND FOR A "LITIGATION HOLD"

Plaintiff, **ALAMEEN ADAMS,** demands that each and every Defendant protect and preserve any and all documents and electronic files, including emails and text messages, that refer or relate to **ALAMEEN ADAMS**; any and all training materials created or used by NSP between 2013 and the present;  the correction manual in effect during the times set forth in this Complaint;  all files that refer or relate to Defendants' investigation into  any incidents or changes pertaining to **ALAMEEN ADAMS**; all internal affairs and/or investigation files that refer or relate to any incidents involving  Plaintiff or any The Defendants; and any and all other matters at issue in this litigation.  If there is any policy or procedure to automatically destroy documents or electronic files, including emails, after a specified time period to immediately suspend said policy and procedure until the conclusion of this case.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS
Attorneys for Plaintiff

Dated:     3/20/21          By:_____
                                               *Jeffrey T. Kampf*
                                               Jeffrey T. Kampf

## DEMAND TO IDENTIFY ALL "JOHN DOE"  DEFENDANTS

Plaintiff, **ALAMEEN ADAMS** demands that, within 15 days of service of this complaint that Defendants provide the full name and address of (i) all "John Doe" officers involved in any of the event(s) or incident(s) and wrongdoing alleged in the complaint, including the administrator in charge of the Northern State Prison during the subject period,  so that service can be effectuated.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS
Attorneys for Plaintiff

Dated:     3/20/21          By:_____
                                               *Jeffrey T. Kampf*
                                               Jeffrey T. Kampf

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS
Attorneys for Plaintiff

Dated:    3/20/21          By: _____
                                    Jeffrey T. Kampf

## DESIGNATION OF TRIAL COUNSEL

**JEFFREY T. KAMPF, ESQ**. is hereby designated as trial counsel on behalf of the Plaintiff.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS
Attorneys for Plaintiff

Dated:    3/20/21          By: _____
                                    Jeffrey T. Kampf

23

## **CERTIFICATION**

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. <u>OTHER ACTIONS PENDING</u>............................. YES ☐ NO ☒

   A.  If YES - Parties to other Pending Actions.

   B.  In my opinion, the following parties should be joined in the within pending Cause of Action.

2. <u>OTHER ACTIONS CONTEMPLATED?</u>........................ YES ☐ NO ☒

   A.  If YES - Parties contemplated to be joined, in other Causes of Action.

3. <u>ARBITRATION PROCEEDINGS PENDING?</u>................... YES ☐ NO ☒

   A.  If YES - Parties to Arbitration Proceedings.

   B.   In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. <u>OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?</u>........ YES ☐ NO ☒

   A.  If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS
Attorneys for Plaintiff

Dated:   3/20/21        By: _Jeffrey T. Kampf_____
                               Jeffrey T. Kampf

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-002492-21

**Case Caption:** ADAMS ALAMEEN  VS ZALME WARREN

**Case Initiation Date:** 03/29/2021

**Attorney Name:** JEFFREY TODD KAMPF

**Firm Name:** JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS

**Address:** 201 WASHINGTON ST
NEWARK NJ 07102

**Phone:** 9736427005

**Name of Party:** PLAINTIFF : Adams, Alameen

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Alameen Adams?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/29/2021                                                              /s/ JEFFREY TODD KAMPF
Dated                                                                    Signed

**EXHIBIT B**

**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
**201 Washington Street**
**Newark, NJ 07102**
**Telephone:  (973) 379-4200**
**Facsimile:  (973) 379-7872**
**Web:  www.lawjw.com**
**Attorney: Jeffrey T. Kampf, Esq.**
**Bar No. (033301988)**
**Attorney for Plaintiff(s)**

| | |
|---|---|
| Plaintiff(s)<br><br>ALAMEEN ADAMS<br>v.<br><br>Defendant(s)<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, MARCUS O HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, PATRICK NOGAN, ADMINISTRATOR OF NORTHERN STATE PRISON, in his official and individual capacities, WARREN ZALME, CHRISTIAN UNDERWOOD, AND/OR JOHN DOES I-VI (fictitious persons) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Docket No.: ESX-L-2492-21<br><br>**CIVIL ACTION**<br><br><br><br>**SUMMONS** |

FROM THE STATE OF New Jersey, To The Defendant(s) Named Above:

NJ State Dept. of Corrections

        The plaintiff, named above, has filed a lawsuit against you in the ESSEX COUNTY SUPERIOR COURT. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ

08625. A filing fee, payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court), must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an Attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)

DATED: May 13, 2021

*Michelle M. Smith*

Michelle M. Smith
Clerk of the Superior Court

Name of Defendant to Be Served: NJ State Dept. of Corrections
Address of Defendant to Be Served: Whittlesey Road, PO Box 863, Trenton, NJ 08625